IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF ADAM BANKS, Personal Representative Teresa Ann Weathers Bright, and TERESA ANN WEATHERS BRIGHT, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> BUTLER COUNTY, CORRECTIONS OFFICER ROBERT REED AND CORRECTIONS OFFICER ADAM YOUNGER, <br><br> Defendants. | Case No. _____ <br><br> JURY TRIAL REQUESTED |

## COMPLAINT

COME NOW the Plaintiffs, by and through the undersigned counsel, and for their causes of action against the Defendants, states further as follows:

### INTRODUCTORY STATEMENT

1.  This is a civil action seeking money damages against the Defendants, Butler County, Corrections Officer Robert Reed and Corrections Officer Younger, who are and were at all times relevant herein, the government entity responsible for training and supervising and law enforcement officers acting under their authority as Butler County Corrections Officers, for committing acts under color of law, which deprive the Plaintiff of his rights secured under the Constitution and laws of the United States, including his right to be protected from known risks of suicide, be provided adequate medical care and protected from deliberate

indifference to substantial medical needs, as well as due process, all as guaranteed under the Fourteenth Amendment, and for state law violations under Missouri's wrongful death statute.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 1985 & 1988 and the Fourteenth Amendment to the United States Constitution together with pendant state law claims.

3. The court has jurisdiction over the action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 & 1343.

4. The Plaintiff Teresa Ann Weathers Bright is a natural person who resides within the jurisdictional limits of the United States District Court for the Eastern District of Missouri and more specifically within the Southern Division for that court.

5. The Plaintiff Estate of Adam Banks was opened in Butler County, Missouri, which is within the jurisdictional limits of the United States District Court for the Eastern District of Missouri and more specifically within the Southern Division for that court.

6. The constitutional violations alleged and the events described happened in Butler County, Missouri, which is within the geographic jurisdiction encompassed by this Honorable Court.

7. The Plaintiffs are persons aggrieved by a violation of the civil rights of Adam Banks, deceased, which violations are made actionable under 42 U.S.C. §§ 1983 and 1985.

## PARTIES

8. The Plaintiff, Teresa Ann Weathers Bright, is a natural person, a citizen and resident within the geographic area encompassed by this Honorable Court.

9. The Plaintiff, Estate of Adam Banks, is an estate duly established pursuant to the laws of Missouri, which proceedings were opened in Butler County, Missouri within the geographic area encompassed by this Honorable Court.

10. At all times referenced to herein, the Defendant Butler County was a political subdivision of the State of Missouri.

11. Plaintiffs sue Defendant Butler County which owns and operates the Butler County Jail as well as providing for the training and supervision of the corrections officers at the jail.

12. At all times referenced to herein, Defendant Butler County acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Butler County, pursuant to its authority as a political subdivision of Missouri, it may be served in care of the current county commissioners, including Presiding Commissioner Ed Strenful, Commissioner Don Anderson and Commissioner Jeff Darnell.

13. At all times referenced to herein, the Defendant Corrections Officer Robert Reed, (hereinafter "Defendant Reed"), was the duly appointed Corrections Officer of Butler County, Missouri.

14. Plaintiff sues Defendant Reed in his individual capacity.

15. At all times referenced to herein, Defendant Reed acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Butler County Sheriff's Office, pursuant to his authority as a duly appointed Corrections Officer for Butler County, Missouri.

16. At all times referenced to herein, the Defendant Corrections Officer Adam Younger, (hereinafter "Defendant Younger"), was the duly appointed Corrections Officer or jailer for the Sheriff of Butler County, Missouri.

17. Plaintiff sues Defendant Younger in his individual capacity.

18. At all times referenced to herein, Defendant Younger acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Butler County Sheriff's Office, pursuant to his authority as a duly appointed Corrections Officer for Butler County, Missouri.

## FACTS

19. Adam Banks was approached by police in his home on a complaint of loud music and he offered to read bible verses to the officer.

20. Later on April 30, 2014 a new complaint against Adam Banks led to his arrest on municipal property damage charges.

21. The arresting officer thought Adam Banks' behavior was so odd that he must be intoxicated.

22. The autopsy report would show that Adam Banks had no alcohol, methanol, or similar substances in his system.

23. The autopsy results would show no drugs of any of the 18 listed drugs on the blood drug screen.

24. Defendant Reed processed Adam Banks at the Butler County Jail.

25. Defendant Reed knew Adam Banks was suicidal as he noted it in his report.

26. Defendant Reed knew Adam Banks had attempted suicide within the past month, as he noted it on the Butler County Jail intake form.

27. Defendant Reed knew that Adam Banks needed medical care, as he placed Mr. Banks on the list of people to see the jail medical officer.

28. Defendant Reed did not seek immediate medical treatment.

29. Defendant Reed did not place Adam Banks on suicide watch.

30. Defendant Reed did not enter a monitoring order for Adam Banks.

31. Defendant Reed did not place Adam Banks in a cell where he would be subject to regular visual monitoring.

32. Defendant Reed issued Adam Banks pants.

33. Defendant Reed placed Adam Banks in the "dry" cell.

34. Defendant Reed put Adam Banks in the dry cell that lacks visual monitoring.

35. Defendant Reed placed Adam Banks in a dry cell as punishment.

36. Defendant Reed knew Adam Banks was suicidal, to-wit:

    a. Adam Banks told Defendant Reed has was suicidal;

    b. Defendant Reed noted in his report that Adam Banks was suicidal;

    c. Defendant Reed knew Adam Banks had attempted suicide within the past month; and,

    d. Defendant Reed knew Adam Banks needed medical treatment.

37. Being suicidal constitutes a serious medical need, as that term is used within civil rights litigation.

38. The deceased, Adam Banks, had a clearly established Fourteenth Amendment right to be protected from the known risk of suicide.

39. Defendant Reed acted with deliberate indifference to the known risk by, among other things:

    a. not seeking immediate medical care;

    b. not entering an order to monitor Adam Banks;

    c. not setting-up a visual monitoring schedule for Adam Banks;

    d. not maintaining regular, timely but random visual monitoring of Adam Banks;

  e. by not placing Adam Banks in one of the cells where the natural movement of corrections officers through the jail would lead to visual monitoring; and,

  f. by placing Adam Banks in a distant cell from the flow of corrections officers' ordinary movements through the Butler County Jail.

40. Defendant Reed persisted in his course of conduct even though audio monitoring of Adam Banks noted such post incarceration statements as "Lord Jesus Christ I am here to die for my country."

41. Defendant Reed then interacted with Defendant Younger, who arrived at 0540 for his shift that began at 0600.

42. Defendant Reed apparently saw no need to particularly inform Defendant Younger of Adam Banks's suicidal ideations and history of suicide or to even explain to Defendant Younger why Adam Banks was in the dry cell.

43. Defendant Younger took no initiative to inquire why Adam Banks was in the dry cell.

44. Defendant Younger made no further inquiry or review of jail records even after Adam Banks defecated on his breakfast plate.

45. Defendant Younger made no further inquiry into Adam Banks's condition in either of the two times he took him to use the restroom and to get a drink of water.

46. Defendant Younger made no further inquiries into Adam Banks's mental status when, while delivering lunch, Adam Banks refused.

47. In fact, Defendant Younger left the "chuck hole" for the cell open.

48. Lunch was delivered at approximately 1200 hours.

49. At 1317 hours on May 1, 2014, the Sheriff reported to the Coroner that Adam Banks had hung himself.

50. Adam Banks used his pants as a ligature that was tied through a grill vent over his cell door.

51. It is almost as if Adam Banks used the "chuck hole" as a platform on which to stand and tie his pant leg to the vent opening above the door and then hang himself.

52. Defendant Butler County is obligated to provide adequate training and supervision of its corrections officer.

53. A pretrial detainee's right to be provided adequate medical care has been obvious since at least 1976.

54. A pretrial detainee's right under the Fourteenth Amendment to be protected from known risk suicide has been established within the Eighth Circuit since at least 2000.

55. By entirely separate case law, since 2000, there has been no question but that being suicidal constitutes a serious medical need.

56. The initial intake, whether it be a jail or mental hospital, there is exactly one standard for dealing with a person that is suicidal and that is direct visual monitoring at least every 15 minutes but at random intervals.

57. After Defendant Younger left the "chuck hole" open, it apparently took Adam Banks approximately half an hour to fashion his pants into a ligature and to "feed" the pants through the wire mesh above the jail cell.

58. Indeed, the unspeakable tragedy in this case is that at 12:30, approximately the same time Adam Banks was hanging himself, his paperwork for release came through but it was another 45 minutes before Defendant Younger would return to the jail cell.

59. Indeed, the autopsy report included exactly what one would suspect from someone who has hung themselves immediately above a jail door, which is "on the medial left foot is a 7 x 5 cm. maroon-brown contusion within which is a 1.4 cm. superficial abrasion."

60. Adam Banks kicked the jail door as he was hanging yet, despite it being lunch, no one was around to hear, because the corrections officers had placed the suicidal Adam Banks in the cell as far from all other corrections staff and inmates as it is possible to be, which is of course the exact opposite of what anybody is supposed to do with an detainee who is suicidal.

61. One is left with the far more likely conclusion that Butler County has failed to provide even the most basic and rudimentary training because the alternative inference is that Defendants Reed and Younger deliberately, purposefully and with malice, a forethought set about creating the circumstances so that Adam Banks could kill himself.

62. Adam Banks suffered pain and decline in quality of his life following his incarceration for municipal property damage.

63. Adam Banks suffered great psychological anguish following his incarceration.

64. Adam Banks suffered great physical anguish during both his incarceration and more particularly during his strangulation.

65. Plaintiff Estate suffered pecuniary losses, including funeral expense.

66. Plaintiffs individually suffered from the needless and untimely loss of the services, companionship, comfort, instruction, guidance, counsel, training and support of Adam Banks.

## COUNT I

COME NOW Plaintiffs and for their first cause of action against Defendants Butler County, Reed and Younger state further as follows:

67. The Plaintiffs reincorporate by reference as if more fully set forth herein paragraphs 1 through 66.

68. Defendants Reed and Younger did demonstrate deliberate indifference to Adam Banks's constitutional rights to be protected from known risks of suicide, to be provided adequate medical care while a pretrial detainee, and to be protected from substantial risks of serious harm, secured to Adam Banks by the Fourteenth Amendment.

69. The Defendant Butler County did fail to train or supervise staff and correction officers of the Butler County Jail.

70.	As a direct and proximate result of the aforesaid unlawful, malicious abuse of Adam Banks by the Defendants, all committed under color of law and under their authority as law enforcement officers or as a government entity, Adam Banks suffered a loss of his constitutional rights as aforesaid, which deprivation is cognizable under 42 U.S.C. § 1983, with the Plaintiffs being the successors to Adam Banks's causes of action following his death.

71.	As a direct and proximate result of Defendants' conduct, Adam Banks suffered emotional harm and distress.

72.	As a direct and proximate result of Defendants' conduct, Adam Banks suffered physical anguish and distress.

73.	As a direct and proximate result of the Defendants' conduct, Plaintiffs have lost the care, companionship, services, comfort, instruction, guidance, counsel, training and support of Adam Banks.

74.	As a direct and proximate result of Defendants' conduct, the Plaintiff Estate incurred fees for funeral and burial of Adam Banks.

75.	The acts of Defendants Reed and Younger, as described, were intentional, wanton, malicious, oppressive, reckless and callously indifferent to Adam Banks's rights, thus entitling the Plaintiffs to an award of punitive damages against the Defendants.

76.	If the Plaintiffs prevail and are awarded actual or nominal damages, they are entitled to an award of attorney's fees pursuant to statute 42 U.S.C. § 1988.

WHEREFORE the Plaintiffs pray for judgment against the Defendants for nominal or compensatory damages in an amount which is fair and reasonable; for punitive damages; for their costs incurred herein; for attorney's fees; and, for such further relief as the Court deems just and meet.

## COUNT II

## RSMo § 537.080

COMES NOW the Plaintiff Teresa Ann Weathers Bright Individually and on behalf of all those class I claimants, by and with the undersigned counsel, does bring this second claim against the Defendants Butler County, Reed and Younger, stating further as follows:

77. The Plaintiff reincorporates as if more fully set forth herein paragraphs 1 through 76.

78. The Plaintiff Teresa Ann Weathers Bright was the Mother of Adam Banks and as such is a member of the first class of claimants and may bring this cause of action on behalf of all the class I claimants identified in RSMo § 537.080.

79. This Honorable Court has jurisdiction over the pendant state law claim pursuant to 28 U.S.C. § 1391(b).

80. On information and belief, Butler County has waived its sovereign immunity by obtaining a policy of insurance pursuant to RSMo § 537.610.

81. At all times relevant herein, Defendants Reed and Younger were acting within the scope and course of their employment as Butler County Corrections Officers employed at the Butler County Jail.

82. Adam Banks, deceased, was detained and surrendered to the custody of the Butler County Jail on or about May 1, 2014.

83. Defendants Reed and Younger knew or in the use of ordinary care could have known that Adam Banks was suicidal.

84. Defendant Reed did negligently, carelessly and recklessly:

    a. fail to obtain immediate medical care or treatment for Adam Banks;

    b. supplied Adam Banks with lightweight clothing that could readily be fashioned into a ligature;

    c. failed to implement monitoring practices required for all suicidal inmates; or,

    d. failed to inform the next shift of his actual knowledge that Adam Banks was suicidal.

85. Defendant Younger was careless, negligent or reckless in his:

    a. failure to obtain medical treatment for Adam Banks when the need for that treatment was known or could reasonably have been known;

    b. failure to implement the required monitoring plan for suicidal inmates when he knew or could reasonably have known Adam Banks was suicidal; and,

    c. failure to take steps to remove personal property that could be readily fashioned into a ligature from Adam Banks's possession once he knew

or from the facts and circumstances could reasonably have known that Adam Banks was suicidal; or,

        d.    in leaving the "chuck hole" open, thereby creating a perch from which Adam Banks was able to secure the ligature in the grill facing above the door; or,

        e.    in failing to promptly begin the release procedures for Adam Banks, which came through just at the time Adam Banks's unrelenting mental anguish drove him to his self-destructive act.

86.    Butler County failed to provide adequate training and policies, failed to train its employees on these policies, failed to supervise and monitor its employees in the execution of these policies and failed to provide its employees with necessary and adequate tools and equipment to execute policies.

87.    As a direct and proximate result of the Defendants' negligence in the execution of ministerial duties and obligations owed to Adam Banks, he suffered and continued to suffer great mental anguish from the time of his incarceration until the time of his death.

88.    The aforesaid acts and omissions of the Defendants and each of them directly caused or directly contributed to cause, as well as proximately causing Adam Banks's death.

89.    The aforesaid acts and omissions of the Defendants and each of them directly caused and directed contributed to cause and proximately cause the

Plaintiff to suffer the loss of services, companionship, comfort, instruction, guidance, counsel, training and support because of Adam Banks's death.

90. Plaintiff has suffered pecuniary losses, including but not limited to funeral expenses because of Adam Banks's death.

91. The aforesaid acts and omissions of the Defendants Reed and Younger, and each of them, as described herein above, were outrageous because of their conscious disregard and reckless indifference to the rights of Adam Banks, thereby entitling the Plaintiff and other members of the first class to an award of damages for aggravating circumstances against Defendants Reed and Younger and each of them.

WHEREFORE the Plaintiff prays that the Court enter Judgment in Count II herein in favor of the Plaintiff and all members of the first class as identified in RSMo § 537.080 for compensatory damages in an amount that is fair and reasonable, together with aggravating circumstances and damages, for interest thereon, for costs incurred herein, and, for such further relief as the Court deems just and meet.

/s/ Stephen E. Walsh
Stephen E. Walsh - 24992

Walsh & Walsh, LLC
635 N. Main Street
Poplar Bluff, MO 63901
(573) 712-2909
(573) 712-2912 Fax
swalsh@walsh-firm.com

Attorney for Plaintiffs

STATE OF BUTLER     )
                    ) ss
COUNTY OF BUTLER    )

Teresa Ann Weathers Bright, being duly sworn upon her oath states that the facts stated in the *Complaint* are true and correct according to her best knowledge, information and belief.

_____
Teresa Ann Weathers Bright

Subscribed and sworn to before me this 23 day of April, 2015.

_____
Notary Public

My commission expires:

DIANNA RESNIK
Notary Public - Notary Seal
STATE OF MISSOURI
Butler County
Commission # 13517024
My Commission Expires: Feb. 18, 2017